The next case, number 25-1609, Liberty Mutual Group, Inc., et al. v. Digitas, Inc. At this time, would counsel for the appellants please introduce themselves on the record to begin? Good morning, Your Honors. My name is David Marder, and I represent the appellant, Liberty Mutual. With the Court's permission, I'd like to reserve two minutes for rebuttal. You may. Thank you, Your Honor. Your Honors, Liberty obtained an order that Digitas was obligated to indemnify it for certain losses, and this Court affirmed that order. Despite this ruling, Digitas has refused to pay. This appeal presents what should be a simple issue. Does the District Court have authority to enforce its own judgment? The unequivocal answer to that question is yes, even if doing so entails the District Court quantifying the amount of the liability. Without such power, the Court's judgment would be a meaningless nullity. The District Court erred when it said it had no authority. That ruling was incorrect and should be reversed. I'd like to just find out from you why Liberty Mutual didn't file a Rule 59e motion, you know, within 28 days following the issuance of the initial order. Sure. I think the attorneys handling the case at that time felt that 59e was inapplicable. Rule 59e has to do with altering or amending a judgment. Liberty Mutual's position was not that the judgment needed to be altered or amended. It had won the case. But that the, first of all, there wasn't a final judgment. And second of all, that they had the ability under clearly established case law to enforce that judgment despite the fact that it didn't have a monetary amount. So I think that's why such a motion was not filed. Even though the Court had closed the case, they didn't come back and say, well, wait a minute, we had a request for damages that we included in our summary judgment motion that hasn't been dealt with and bring it to the Court's attention at that time? Well, I think the attorneys did feel that there was an oversight and they did file a motion under Rule 60a which deals with such oversights or clerical errors. But Rule 59e was, I think, deemed inapplicable because it had to do with altering or amending a judgment and they had won the case. They didn't want to alter or amend the judgment. They simply wanted to enforce it. And lest there be any doubt about this, Your Honor, Digitas Council agrees that had a Rule 59e motion been filed, that that would not have been successful and that's in footnote 2 of their brief. Okay, but let me ask, how long elapsed before Liberty sought the relief that was denied? It was a couple of years ago, am I correct? No, Your Honor, the Rule 69, I'm sorry, the Rule 60a motion was filed, we sought leave on December 20th, 2019, which was only a month or so, a month and a half after Digitas filed its notice of appeal. So we begin with what shouldn't be a contested proposition and that's that the district courts do have inherent power to enforce their judgment. That concept is well recognized and accepted and is included in Supreme Court precedent. There is also precedent that establishes that that power to enforce includes the ability to quantify the amount of damages. We cited numerous cases where district courts have done so, including the Vega and Select Specialty cases. And here, it is true that there's a general proposition that inherent authority is limited where there is a particular rule on point. But here, there is no particular rule on point. As you noted, Judge Dunlap, there is the Rule 59e, but as we've already explained, that rule was inapplicable. And there's also Rule 69, sorry, Rule 60b, but that has to do with relief from judgment and we're also not seeking relief from judgment. So we didn't move under Rules 59 or 60b, so the deadlines in Rule 6 don't apply. And a motion to enforce is not the same as a motion to amend the judgment under those two rules. And there's a case directly on point, although it's from the Third Circuit, the Third Circuit Court of Appeals addressed this issue directly, and they ruled that the time limits set forth in Rule 6 do not apply to a motion to enforce, which is what we are looking at today. That case is directly on all fours. Permeating throughout all the papers is this notion that there's some kind of waiver, that Liberty Mutual waives something by not filing these motions. But with regard to the two motions, we've already established that those two rules were inapplicable. But Digitas also argues that Liberty Mutual engaged in a waiver by not appealing the summary judgment ruling based on the fact that it didn't have a monetary amount in it. But again, appeals are for people who are aggrieved by a ruling. Here, Liberty Mutual won the summary judgment ruling. It was not aggrieved and had no ability to appeal at that time. Do we have a more fundamental problem here in that arguably the first order was not truly final? What do we do with that? We assumed hypothetical jurisdiction previously, didn't resolve that question. The district court offered its view on the matter. Not sure that that controls. Was there a final order? Well, Your Honor, that's at this point an academic question, and I'm happy to answer it. But first, let me just state that the issue before the court now is whether the motion to enforce and the order on that was final. But if you're asking the academic question about whether the first judgment was final, I think we would say it was certainly not final. It didn't resolve all the claims against all the parties. And it would have been preferable, obviously, to Liberty Mutual if the court, instead of assuming hypothetical jurisdiction, had said that it wasn't final and remanded it back to the district court to do a motion to enforce and set the amount of judgment as it should have. I guess what I'm wondering is, is it really academic, as you suggest? Because it seems to me that there might be—that the order currently under appeal might be incorrect if it's premised on the notion that there was a final order, which there never was. Yes, I suppose if you think of it that way, that is the case. If you posit that a condition precedent to the current order and the court's thinking was that its first order was final and, in fact, it was not, then that would be another reason why the motion to enforce was incorrect. The court could then remand it back down to the district court to make a final decision, which would, by necessity, include the amount of damages. There might be a hurdle there, though. It seems to me, if we were to try to get to the embedded issue from the earlier, and we thought that it was not academic, have you abandoned that argument? I don't believe so, Your Honor. We asserted it— Nothing in your papers. Right. But we asserted it in the first appeal, and then you assumed hypothetical jurisdiction, and now we're in a position where we're saying that the court was incorrect in ruling that it had no authority. If the court were to view it, one of the reasons why that is wrong is because the first appeal isn't final. We wouldn't disagree with that, but that was not the basis for this appeal. So I would certainly concede that. Okay. It looks like I'm out of time.   You have rebuttal later. Thank you, Your Honor. At this time, would counsel for the appellee please introduce himself on the record to begin? Good morning. I'm Michael Dockterman, and I represent Digitas. May it please the Court. We live by rules. Rule 1 says that the federal rules of civil procedure apply to all of the actions in the federal courts. Rule 59E, as Judge Dunlop pointed out, was the way in which Liberty Mutual could have addressed this issue. Liberty Mutual also could have cross-appealed after Digitas appealed. They did not do so, just as they did not file a Rule 59 motion. They filed a Rule 60 motion, which this court allowed them to proceed. The district court said, no, no, no, this was not a mistake. This was my final order. They could have filed a Rule 60B motion at that point because they would have been within one year. They did not do so. One thing that I'm struggling with, counsel, is the district court said expressly Liberty would be in a position to file a motion to enforce the judgment. One thing that I'm struggling with is the court seemed to invite the very step that Liberty Mutual took, and then it feels a little bit like the rug being pulled out. They do that, and the court says, well, no, no, no, you can't do what I said that you could do. How do we deal with what seems like a fundamental injustice in that regard? It's hard, Your Honor, for Digitas to agree that following the rules is a fundamental injustice. The district court was asked that very question by Liberty Mutual on remand, and the transcript is in the record on this appeal. And the district court said, no, I didn't tell you that's what you had to do. I told you that you could do it if you did it in a timely way. You didn't, and so my hands are tied. And that was in the initial discussion. The district court then invited briefs on that issue. We briefed that issue, and the district court, as the court knows in reviewing the order that she entered, said, no, no, my hands are tied. You have rules to follow. You elected not to follow them. You slept on your rights. Even at the time that the court invited that motion to enforce, they were beyond the relevant time frame. So that explanation, which I agree the court gave, I'm not sure that it holds given the timing of the invitation that the court extended. If we think about the chronology, Judge Dunlap, what we have here is the case going up to this court after DIGITAS filed its notice of appeal of the original final order that was entered, and the only final order that has been entered in this case. That case closed this case. Liberty Mutual said, wait a minute, we don't know that it was final, and they filed a motion, if you recall, because I think, Judge Howard, you ruled on that motion, to dismiss the appeal because it wasn't final. We went back down to the district court, and the district court said it was final. This court then considered it, and Sua Sponte remanded again to address the question within 45 days, why was this a final order? And the district court again responded, and I think it took her 9 or 10 days to respond, to say, no, no, this is why it was a final order. If Liberty Mutual had wanted damages, it could have applied for damages. One of the reasons that's important, and it gets a little bit lost in this record, is that Liberty Mutual pursued two indemnitores. Digitas was one, and Precise Leads was the other. We were both claimed to have done the same thing, and the allegations in the complaint in the original action below, were that one or the other of you owes us this money, and the response was, well, we did this, and Precise Leads did that, need to allocate where the damages flow. So that is what Liberty Mutual should have done. They should have said, we now have summary judgment against everybody, we would like to have a damages hearing, that damages hearing will allocate who has to pay what. But they jumped past that. They jumped past that and said, no, no, no, there was never a final order, and we didn't do anything about it in a timely manner, and we want everything from Digitas. Now, it's not lost on this court or anybody in this courtroom that it's an insurance company that is taking the position that we don't have to follow the letter or the rules. When every single one of us knows that when you make an application on a claim to an insurance company, the first thing they tell you is, we have to follow the rules. The irony of Liberty Mutual standing here and saying, but we don't have to follow the  There's some inherent authority, flies in the face of the commentary to the 1946 Amendment to Rule 6, because the 1946 Amendment to Rule 6 says, this is intended to cover virtually every situation. And if there's some situation that it doesn't cover, for example, like a motion to enforce a judgment, it's because there is a judgment and there are supplementary proceedings on that money judgment, a writ of attachment, a writ of execution, a citation to discover assets. There is a dollar amount that is being pursued. The error here by Liberty Mutual was not asking for money. Now, on your... You say they didn't ask for money, they did request the opportunity in the summary judgment papers. The court seemed to breeze by that. So did they really, you know, not ask for the damages? But their complaint asked for damages and their motion for summary judgment had a one line that said we'd like damages. And the district court... Isn't that sufficient? Yes, Your Honor. It would be sufficient to raise the issue, but the district court then ruled on summary judgment on liability only and closed the case. And as Liberty Mutual knew... Wouldn't that be, even though it's not termed like that, but isn't that like a partial judgment for all purposes? No, it's a final judgment, Your Honor. And it's exactly where Rule 59E is designed to address, because there is something that Liberty Mutual still wanted, and that was money. And the district court judgment didn't address that. So you would have to open that up. Or they would have had to appeal, as you mentioned. Well, the way...  They could have cross appealed, absolutely. The other thing is that in every case that's been cited to this court, there are two alternatives. One is to file a proper motion under the rules. The other is to initiate a separate action. And there... Do they still do that or assuming it's not time barred? Tick-tock, Your Honor, I'm afraid. But otherwise, yes, of course, that would have been an option. We would have opposed it. We would have said it belonged in the original action. We would have to see how procedurally that unfolded. But they didn't do that either. Instead, they come to you with an amorphous thought of the inherent power of the district court. The district court did not think she had that power because she looked at the rules. This court's review of that decision is for her abuse of discretion. And there is nothing in any case cited by Liberty Mutual that suggests that she abused her discretion because there is nothing in any case cited by Liberty Mutual that allows this relief. It's an abuse of discretion review of a ruling that she did not have the power under the  Typically, Your Honor, when a judge rules on a post-trial motion, it is an abuse of discretion standard.  Yes. That's our position. Okay. But it's still going to be a question of law. If the question is, did she have the... If the question is, did she have the authority, we would agree with that, Your Honor. All right.  I got it. Absolutely. If the court has no other questions. Okay. Thank you very much. Okay. Two minutes remotely. Please reintroduce yourself on the record to begin. David Marder, appearing again for Liberty Mutual. I'd just like to address briefly three points. The first is a follow-up to some of the questions that Judge Dunlap had about the rug being pulled out from Liberty Mutual. It was not just once, but it was on two separate occasions. When the court ruled on the 60A motion and when this court sent the question down to the district court, where this district court specifically stated that notwithstanding anything else that had happened, that Liberty Mutual could, in fact, file a motion to enforce after the appeal was over. The second point is to respond to what my brother counsel has said about having to follow the rules. It is certainly important to follow the rules, but here there are multiple different avenues that Liberty could have taken. It chose to take the path of moving to enforce the judgment, which is one of the paths that was available to it. It doesn't constitute a waiver to take one path just because there are other paths available to you. This is a path that is allowed under the law and under the union switch case. It's something that the parties are entitled to do, notwithstanding whether they have the ability to file other motions. And the last point I'd like to state is to emphasize that Liberty Mutual did indeed ask for the opportunity to submit affidavits and to submit evidence on the amount of damages in directly in the motion itself, and the district court disregarded that when it entered its order. It has never had the opportunity to do that, notwithstanding the fact that it asked to do so in its summary judgment papers and that it is now under the law entitled to enforce this judgment and to have the court quantify the judgment in connection with that proceeding, just as the case law allows it to. Thank you, Your Honor. Let me ask you one question. If we were to conclude that that judgment wasn't properly entered, the case would go back and you'd be entitled to then continue with the damages part, correct? Correct. Okay, thank you. Thank you, Your Honor. Counsel. Counsel. Okay. Before you go, I'm not commenting on what the incentives, disincentives might be, etc., etc., but I've lived with this case for a long time, as have you. So our camp mediation program remains available. I don't think we're prepared to order it to go to mediation at this point, but I would be interested in hearing from both parties, say within one week's time, whether you would like us to delay opinion for a period of time that you can identify to try again. Thank you, Your Honor. So let us know either way. Thank you, Your Honor. Please do so by next Friday. Thank you, Your Honor. A week and a day. Let's take a five-minute recess, and then we'll come back for the final two cases. All rise.